## SMITH *v.* THE EASTERN RAILROAD.

Railroads in this State are required by statute to maintain fences on both sides of their track, for the convenience and safety of adjoining land-owners.

The destruction of cattle while upon the track of a railroad, without the fault of their owner, is competent *primâ facie* evidence of negligence on the part of the railroad corporation running the train causing the mischief.

If an animal come upon the track of a railroad through the neglect of the corporation in not maintaining a suitable fence against the lands of its owner, and in consequence be there killed by their train, the railroad corporation is liable for the damage, although there be no negligence in the management of the train by which it is killed.

A declaration, alleging in substance that the plaintiff's animal, being upon the track of the defendant's railroad, was there negligently and carelessly run over and killed by their train, is sufficient.

Such declaration is good after verdict, although it may have appeared in evidence that the negligence of the defendants existed in relation to their fences, and not in the management of their train.

A variance between the proof and the allegations of the declaration may be taken advantage of on the trial, if a good cause of action be stated or implied in the declaration. It comes too late upon a motion in arrest of judgment.

After verdict, judgment will not be arrested, although there be in the pleadings a defect, imperfection or omission, in substance or in form, which would have been fatal on demurrer, if the facts stated in the plea be such as necessarily to imply, and the issue joined be such as necessarily to require on the trial, proof of the facts so imperfectly stated or omitted, and without which it is not to be presumed that the judge would have directed, or the jury have found the verdict rendered.

In case for an injury resulting from the alleged negligence of the defendants, it is not necessary to allege that the plaintiff was without fault.

CASE. A copy of the declaration is annexed, and makes a part of this case.

Plea, the general issue.

The plaintiff's evidence tended to prove that the mare, in the plaintiff's declaration mentioned, was kept in the plaintiff's pasture, adjoining the defendants' railroad, separated from the railroad by a partition fence, which the defendants were bound to keep in repair; that the fence was defective, and that the mare escaped from the plaintiff's pasture on to the defendants' railroad track, by reason of said defects in the fence; and, so being upon the track, was run over and killed by the defendants' engine, running with ordinary speed and in the usual way. There was a public highway upon the railroad, between the plaintiff's pasture and the place where the mare was killed.

The court instructed the jury that if they believed that the mare escaped from the plaintiff's pasture through defects in the partition fence, which the defendants were bound to keep in repair, she was there through the fault of the defendants; and, so being upon the track, if she was run over and killed by the defendants' engine, the defendants were liable.

The jury found a verdict for the plaintiff. The defendants excepted to the said instructions of the court to the jury, and

moved that the verdict be set aside and for a new trial. They also moved in arrest of judgment.

### Copy of Declaration.

In a plea of trespass on the case, for that whereas the said plaintiff, at Seabrook aforesaid, on the 11th day of September, in the year· of our Lord one thousand eight hundred and fifty-one, was possessed and the owner of a certain black mare, of the value of one hundred and fifty dollars, which said black mare, on the day and year last aforesaid, at Seabrook aforesaid, was on the railroad track of the said defendants, leading from Boston to the State of Maine, passing through Seabrook aforesaid; and whereas, then and there, on the same day, at Seabrook aforesaid, the said defendants were possessed of certain cars, and also of a certain locomotive engine, propelled by steam, drawing the same cars on and over said railroad track; and the said defendants, then and there, by an engineer, then a servant of the said defendants, had the care, government and direction of the said cars and locomotive engine : Yet the said defendants, not minding or regarding their duty in this behalf, then and there, by their said engineer, then a servant of the said defendants, so negligently and unskillfully managed and behaved themselves in this behalf, and so ignorantly, carelessly and negligently managed and guided the said cars, and the locomotive engine propelled by steam, drawing the same as aforesaid, that the said cars, for want of good and sufficient care and management thereof, and of the locomotive engine, propelled by steam, drawing the same, then and there struck against the said black mare of the said plaintiff, being upon the said track as aforesaid, with such force and violence that the said black mare was bruised, wounded, cut in pieces, and totally destroyed.

*W. H. Y. Hackett*, for the defendants.

At the trial, when the plaintiff rested, I called the attention of the court to the fact that there was a variance between the declaration and the proof, and suggested that I wished to avail

myself of this point, either by moving for a nonsuit, or by a ruling of the court, whether the proof that the defendants' fence was defective, supported the plaintiff's declaration. The court thereupon made the ruling which appears in the case as instructions to the jury. The case was drawn up some time after the trial, and does not state the time in the trial or the mode in which I raised the points. But perhaps the substance of the matter sufficiently appears in the case as drawn.

1. My first position is, that the declaration alleges that the defendants so negligently and unskillfully managed the engine as to kill the plaintiff's mare; while the proof was, and the case finds, that the engine was running with ordinary speed and in the usual manner. There was a variance between the declaration and proof, in this, that the plaintiff proved that the defendants' fence was defective, and through such defect the plaintiff's mare got upon the defendants' railroad track, and was killed : and that he proved nothing and attempted to prove nothing in regard to the engine ; and that the declaration alleged no such cause of action as was proved, and that the court should have either ordered a nonsuit or instructed the jury that the plaintiff's proof did not support his declaration. Stephens on Pleading 85 ; Chitty's Pl. 385 ; Greenl. Ev., sec. 63.

" Evidence, although admitted without objection, should be disregarded, if it was not anticipated by proper allegations in the pleadings." U. S. Dig., vol. 14, page 281, sec. 383.

2. My next position in arrest of judgment is, that the declaration does not set out any cause of action. It is not alleged that the plaintiff's mare was on the track through any fault of the defendants, or that she was in any way rightfully there. It may have been, consistently with the declaration, that the plaintiff's mare was trespassing upon the defendants' premises. The cause of action set out in the writ is not only negatived by the proof and by the case, but the plaintiff does not allege such facts, as, if true, would put him in a position to complain of the manner in which the defendants' engine was managed. The mare must have been either rightfully on the track or there through some

fault of the defendants, before the plaintiff can hold the defendants responsible for the management of the engine. Neither of these facts are alleged in the writ. The cause of action alleged was distinctly disproved, and under the ruling of the court a verdict was rendered for the plaintiff upon a declaration of unskillful management of an engine, with no other proof than that the defendants' fence was defective. Chitty's Pl. 285.

" In an action for injury received from the carelessness of the defendant, the declaration must. show in what way his carelessness occasioned or produced the injury. U. S. Dig; Annual Dig., vol. 14, p. 475, sec. 63.

3. The defendants have had no opportunity to try the case and the court allowed the plaintiff to prove under this declaration.

*John S. Wells*, for the plaintiff.

The plaintiff's mare was upon the railroad, and was killed by the defendants' engine.

The plaintiff must have proved her rightfully there, or on the track through some fault of the defendants.

The question was, did they, by carelessness or want of care, kill the horse? The jury found they did. It is immaterial whether the animal was upon the track by reason of the defective fence, or no fence, or led on by the defendants; in either case they were bound so to run their train as not to injure her. Suppose, instead of one, there had been fifty horses of the plaintiff standing upon the track of the railroad, by reason of the want of a fence, which the defendants were bound to maintain,—can it be maintained that the corporation would have a right to run their trains at ordinary speed, and thereby destroy them? I insist that they cannot, but must so reduce their speed as not to jeopardize the animals. Suppose a man, wrongfully upon the railroad, but in such condition that he could not get off, yet, by exercise of care and prudence, the engine man could have prevented an injury to the person, but, without the exercise of care or prudence, run over the man and injured him, should not the road be liable? The presumption would in such case be in favor of

the road, and against the party injured, and he could only recover by introducing proof to control the presumption.

And if, in this case, it should be presumed that the mare was wrongfully on the road, yet the plaintiff could not have recovered without proof to control that presumption.

The plaintiff's complaint is that the defendants carelessly killed his mare upon their road, by running upon her with their steam engine. How she came there, and how she was killed, is matter of proof, and the truth of the complaint is established by the verdict.

" The court must presume every thing to have been proved, without proof of which the jury could not have truly found from the evidence as they have found." *Worcester* v. *Pro. Canal Bridge*, 16 Pick. 549. In *Ward* v. *Bartholomew*, 6 Pick. 413, the court say: " Here was no allegations of seizin. Now it is plain that a verdict could not have been returned without proof of the seizin of the demandant, and no court could have allowed, nor a jury agreed upon a verdict, unless sufficient evidence of the fact without proof of which the demandant could not have advanced a step on the trial. It is for this reason, that is to prevent parties from laying by on defective declarations until the merits are tried, that the courts, as stated by Chitty, allow of almost any declaration after a verdict." In *Warren* v. *Littlefield*, 7 Greenl. 66, the court adopt the opinion of *Pangborn* v. *Rumsey*, 11 Johns. 141, " where there is a defect, imperfection or omission, yet if the issue-joined be such as necessarily required on trial proof of the facts defectively or imperfectly stated or omitted, and without which it is not to be presumed that either the judge would direct, or the jury would have given the verdict, such defect, imperfection or omission is cured by common law." *Cook* v. *Brown*, 34 N. H. 460. Seizin alleged within thirty years held well enough after a verdict. *Sewall's Falls Bridge* v. *Fisk & Norcross*, 3 Foster 171, is authority for the plaintiff, as also *White* v. *Concord R..R.*, 10 Foster 188 ; *Walpole* v. *Marlow*, 2 N. H. 385.

FOWLER, J. By the act of July 13, 1850, [Laws of 1850, chap. 953, secs. 5 and 6; Comp. Stat. 350,] every railroad corporation in this State is required to make and maintain all necessary cattle-guards, cattle-passes and farm-crossings, and to keep a sufficient and lawful fence on both sides of the road, for the convenience and safety of the land-owners along the line thereof.

Under this statute it was holden, in *White* v. *Concord Railroad*, 10 Foster 207, that where, by agreement between the corporation and a land-owner, a cattle-pass had been constructed at grade across the railroad, from one portion of a pasture to the other, the land-owner was at liberty to let his cattle wander through this pass, across the track of the railroad, at pleasure; and the fact that cattle, while thus crossing the track of the railroad, were killed by the engine and cars of the corporation, was *primâ facie* evidence of negligence on the part of the corporation; that the cattle being rightfully on the track, and the damage proved, the corporation were answerable for negligence, unless they showed a want of blame on their part; that the burden of proof was upon the corporation to lay before the jury such circumstances as should exonerate them from responsibility for the injury. The same doctrine was recognized and sustained in *Horn* v. *Atlantic & St. Lawrence Railroad*, 35 N. H. 169.

A more stringent rule would clearly apply to the killing of cattle or horses that come upon the track through the neglect of the corporation in not maintaining a sufficient and lawful fence on each side of the road; and it has been decided elsewhere, that no degree of care on the part of the corporation could discharge them from liability under such circumstances. If the damage result primarily and consequentially from the neglect of the corporation to perform a duty which the law imposes upon them, we know of no principle on which they should be exempted from the consequences of their neglect of duty, even though inevitable accident were shown to have been the proximate and final cause of injury on their part. *Marsh* v. *New-York & Erie*

*Railroad Company*, 14 Barber 364; *Hurd* v. *Rutland & Burlington Railroad Company*, 25 Vt. 116; *Williams* v. *New-Albany Railroad*, 5 Indiana 111.

That the destruction of cattle while upon the track, without the fault of their owner, is competent and *primâ facie* evidence of negligence on the part of the railroad corporation running the train causing the mischief, has been distinctly recognized in other jurisdictions. *Ellis* v. *Railroad Company*, 2 Iredell 138; *Suydam* v. *Moore*, 8 Barber's Sup. Ct. 358; *Daunee* v. *South-Carolina Railroad Company*, 4 Richardson 329.

There was, therefore, no error of which the defendants can complain, in the instructions of the court below upon the facts of the case; and it is upon the facts, and not upon the allegations of the declaration, that the charge of the court proceeds: that if the jury found the plaintiff's horse to have been upon the track in consequence of the defendants' neglect to maintain a suitable fence, and to have been there killed by them, the defendants were liable, without proof of any negligence on their part in running the train. When the plaintiff showed that his horse was upon the track without his fault, and that while thus there it was run over and killed by the defendants' train, competent *primâ facie* evidence from which, unexplained, the jury were authorized and required to find negligence, had been offered in support of the allegations of the writ. When he showed further, that the horse was upon the track through the negligence of the defendants in not fencing their road, and was there killed by their train in consequence of being thus upon the track, he was entitled to recover of the defendants the damages sustained by the loss of the horse, without regard to the question of negligence, unskillfulness, misconduct, or inevitable accident in the killing. *Williams* v. *New-Albany Railroad*, 5 Indiana 111, and other authorities before cited.

Nor is there any good foundation for the motion in arrest of judgment. If nothing were before us but the declaration and verdict, it is manifest that the jury must have found one of two things, and which is perfectly immaterial, so far as concerns the

liability of the defendants. They must have found, either that the plaintiff's horse, being wrongfully on the track, had been negligently and carelessly killed by the defendants' train, or that being there, rightfully or through the fault of the defendants in not maintaining their fence, it had been killed by their train. Any imperfection, if there was one, in the plaintiff's statement of his cause of action, was therefore cured by the verdict, at common law. The rule on this subject is, that where there is any defect, imperfection or omission in any pleading; whether in substance or in form, which would have been a fatal objection on demurrer, yet, if the facts stated be such as necessarily to imply, and the issue joined be such as necessarily to require on the trial proof of the facts, so defectively or imperfectly stated or omitted, and without which it is not to be presumed that either the judge would direct the jury to give, or the jury would have given the verdict, such defect, imperfection or omission is cured by the verdict, at common law. *Stennell* v. *Hogg*, 1 Saunders 228, n. 1, and numerous authorities there collected; *Sewall's Falls Bridge* v. *Fisk & Norcross*, 3 Foster 180, 181.

If there were any defect in the plaintiff's declaration, it was clearly one of title defectively stated, and not one of defective title. He alleges his ownership of the horse; that it was upon the defendants' track, and was there negligently and carelessly killed by the defendants' train, but omits to state in what manner the horse came upon the track. It is necessarily implied that the horse came upon the track wrongfully, rightfully, or through the neglect of the defendants themselves, and the jury could not have found the defendants guilty without finding one or the other; so that the alleged defect was necessarily supplied and cured by the verdict. The defendants were perhaps entitled, upon the coming in of the evidence, if they had insisted upon their objection, to have had this alleged defect amended before trial, by requiring the plaintiff to set forth under what circumstances the horse came upon the track, so that they might have known whether they were to defend against a charge of actual or presumptive negligence, or whether the question of negligence,

misconduct, unskillfulness or inevitable accident, in the management of the train, could not arise.

In *Walpole* v. *Marlow*, 2 N. H. 386, the matter is thus concisely but correctly stated by Chief Justice *Richardson:* " The true distinction between a defective title and a title defectively stated, is this : when any particular fact is essential to the validity of the plaintiff's title, if such fact is neither expressly stated in the declaration nor necessarily implied from the facts which are stated, the title must be considered as defective, and judgment must be arrested ; but if such fact, although not expressly stated, be necessarily implied from what is stated, the title must be considered only as defectively stated, and the defect is cured by a verdict."

In that case, the declaration against a town for the support of a pauper omitted to allege that the pauper had no relations of sufficient ability to support him ; and a verdict having been rendered for the plaintiff, the defendant moved in arrest of judgment for this defect. It had been alleged that the defendant town was liable for the support of the pauper, and the court held that the inability of relations was necessarily implied from this allegation; so that after verdict the defect was cured, as the jury could not properly have found the defendant town chargeable, unless the inability of relatives had been shown.

So in *Elliot* v. *Heath*, 6 N. H. 428, it was holden that the want of an averment in a writ of seizin that the demandant was seized of the demanded premises within twenty years, was cured by a verdict that he was disseized by the tenant within that period — the declaration having contained an allegation of such disseizin. *Ward* v. *Bartholomew*, 6 Pick. 413.

In *Worcester* v. *Pro. of Canal Bridge*, 16 Pick. 549, the court say : " The plaintiff's title is defectively and imperfectly stated ; but the circumstances and facts omitted to be alleged to show the defendants' liability, must be presumed to have been proved upon trial. The court must presume every thing to have been proved, without proof of which the jury could not have truly found upon the evidence as they have found."

In *Read* v. *Chelmsford*, 16 Pick. 128, it was held that a declaration against a town for injuries occasioned by a defect in a highway, was sufficient after verdict, although it did not state that the town was liable to maintain and repair the highway where the accident happened, at the time of the accident, and although there was no direct averment that the defective part of the road was in the town, or that the defect and want of necessary repairs were against the form of the statute. See, also, *Hall* v. *Marshall*, Croke Charles 497 ; *Frederick* v. *Lookup*, 4 Burr. 2018 ; *Parker* v. *Langley*, 10 Modern 209.

Numerous other cases might be cited, in which courts have gone very far towards remedying defects in declarations after verdict; but those already referred to would be abundantly sufficient to justify us in holding the declaration in the present case good after verdict, if nothing but the declaration, plea and verdict were before us. But the case shows what the evidence was, and what instructions were given to the jury in relation thereto, so that it appears affirmatively that the fact, for not setting forth which the declaration is alleged to have been defective, must have been actually passed upon by the jury. If, then, the authorities would require us to sustain the verdict, upon general principles of presumption, much more are we not at liberty to set it aside, when it is conclusively shown to have been properly rendered upon an actual finding of the very matter ordinarily only presumed to have been found.

We have thus far proceeded on the assumption that there might have been some imperfection or defect in the declaration under consideration, that would have been fatal on demurrer. A careful examination of the question, however, satisfies us that no such defect existed upon its face. It charged the defendants with carelessly and negligently killing the plaintiff's horse upon their track by means of their train. Upon principle and weight of authority, we think it quite clear that a good cause of action was thus set forth. It was not necessary for the plaintiff to set forth how the horse came upon the track, or that it was there without his fault. If it were there wrongfully, the defendants

were responsible, if they killed it, as expressly charged, through carelessness and negligence. If it were there rightfully, the fact of its being killed was competent *primâ facie* evidence of the negligence of the defendants in managing their train. If it were there through the fault of the defendants, they were responsible for the damages, under whatever circumstances they killed it. The declaration was therefore sufficient of itself, although it might have been more perfect. If any defect existed, it was latent. It was only when the evidence showed that the horse came upon the track through the negligence of the defendants in not maintaining their fence, so that it became unnecessary to prove the negligence expressly charged in the management of their train, that any objection could have been taken to the declaration. Had the defendants then insisted upon a variance between the declaration and the proof, as before suggested, the plaintiff might have been obliged to amend, or have been subjected to a nonsuit. But it is not now necessary to decide the question, or further discuss the subject. Had the objection been taken and insisted upon, the plaintiff, upon the facts in the case, would undoubtedly have proposed and been permitted to amend, probably without terms, by inserting an allegation that the horse was upon the track through the fault of the defendants in not maintaining their fence, so that no particular inconvenience to the plaintiff or advantage to the defendants could have resulted therefrom. As it was not insisted upon, as the declaration was sufficient of itself, and clearly good after verdict, notwithstanding the variance in the proof, there must be

*Judgment on the verdict.*